

**ANDREW MANCILLA**
NY, CA, NJ, SDNY, EDNY, DNJ,
2ND CIRCUIT, US SUPREME COURT

260 MADISON AVE, 22ND FLR
NEW YORK, NY 10016
T 646.225.6686  F 646.655.0269
andrew@law-mf.com

April 11, 2024

**By ECF**
The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

      Re:    **US v. George Anthony Devolder Santos, 23cr197 (JS)**
                **Letter Request for 30-Day Extension and De-Designation of Highly**
                **Exculpatory *Brady* Material Produced By The Government**

Dear Judge Seybert:

      We represent Mr. Santos in the above referenced matter. We write to respectfully request (a) a 30-day extension of the pre-trial motion schedule and (b) an Order de-designating highly exculpatory *Brady* material recently produced by the government that undermines the government's case. In accordance with Your Honor's Individual Rules I(E), we have included the necessary information related to each of our requests below.

      **A. Request for a 30-day Extension of the Pre-trial Motion Schedule**

      The defense respectfully requests a 30-day extension of the pre-trial motion schedule due to late *Brady* disclosures that will likely substantially impact the defense motions. Additional time is required to allow the government to supplement those disclosures and for the defense to adequately address the import of these disclosures in its motions.

      For context, on January 22, 2024, the parties submitted a joint proposed pre-trial schedule providing that defense motions would be due on April 26, 2024; the Government's Response papers would be due May 24, 2024; and the Defenses Reply would be due June 7, 2024 (Dkt. No. 58). Your Honor adopted this schedule the following day during our appearance.

      On March 14, 2024, the government sent defense a discovery letter outlining crucial exculpatory information that the government learned in January 2023, *more than a year earlier*,

*Re: Letter Request for a 30-day Extension and to De-designate Specified Information*
April 11, 2024
Page 2 of 4

and additional exculpatory details it learned in November 2023, *more than four months earlier*.[1] Despite knowing these facts well in advance, the government delayed sharing them until March 14, 2024, and only did so "in an abundance of caution." Ex. A.

Putting aside the obvious concerns as to why the government chose to delay its disclosure of this highly exculpatory information, the defense is currently engaging with the government to secure the records, documents, and/or recordings related to this recent *Brady* disclosure.[2]

Anticipating the government's continued compliance with its *Brady/Giglio* obligations, and because the information and discovery requested by the defense will substantially impact our motions, we respectfully request that the Court grant a 30-day extension of the pre-trial motion schedule such that the new schedule would be as follows: Defense motions due May 26, 2024; Government's Response due June 26, 2024; and the Defense Reply due July 8, 2024. The defense does not anticipate these proposed dates requiring the adjustment of any other pre-trial dates, nor does it anticipate that this proposed schedule will affect the current September trial date.

This is the first request for an extension of the motion schedule submitted by the defense. The defense has conferred with the government regarding this request and the government objects, arguing the defense's reasons are not "compelling" and highlighting the prior agreement on the motion schedule. Ex. C. However, such objections lack merit since (a) only "good cause" is needed for extensions as per FRCP 45(b)(1), not "compelling" reasons; and (b) the rationale for this extension is indeed compelling, considering the government possessed this exculpatory information during the pre-trial schedule negotiations yet chose to withhold it until March 14. We submit that a 30-day extension would cure the prejudice caused by the government's delayed disclosure of this exculpatory information.

### B. Request to De-Designate Exculpatory *Brady* Material Produced By The Government

The defense respectfully requests, pursuant to paragraph 8 of the Protective Order that the Court de-designate as confidential the highly exculpatory *Brady* material identified by the defense in its letter request to the government dated April 5, 2024.[3] This is the first request to

---

[1] All exhibits cited herein are filed under seal pursuant to the Stipulation and Protective Order (Dkt. No. 29) ("Protective Order") and refer to exhibits annexed to the accompanying Motion to Seal. The government's disclosure is annexed as Exhibit "A".

[2] The defense sent the government a Request for Bill of Particulars and Discovery on April 8, 2024, which included a request for the aforementioned information. A copy of the defense letter dated April 8, 2024, is annexed as Exhibit "B" to the accompanying Motion to Seal. On April 9, 2024, the government responded that "the government is well aware of and will comply with its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny." A copy of the government's responsive letter April 9, 2024, is annexed as Exhibit "C" to the accompanying Motion to Seal.

[3] The defense's letter dated April 5, 2024, requesting that the government agree to de-designate specific information contained within the government's discovery letter, is annexed as Exhibit "D" to the accompanying Motion to Seal. That letter identifies exculpatory information contained in the government's March 14, 2024 letter (Ex. A), as well as the government's letter dated October 27, 2023 (annexed as Exhibit "E" to the accompanying Motion to Seal).

*Re: Letter Request for a 30-day Extension and to De-designate Specified Information*
April 11, 2024
Page 3 of 4

the Court to de-designate the identified exculpatory information. Pursuant to paragraph 7 of the Protective Order, the defense conferred with the government concerning this request but the government has objected based on the belief that it could "jeopardize the fairness of a future trial."[4]

The Protective Order was jointly entered into between the parties in this case and designates all disclosures made by the government as confidential absent an agreement by the government, or an order by to Court, to de-designate them. (Dkt. No. 29 at ¶8)

Here, the defense submits that the identified information should be de-designated as confidential because it is highly exculpatory, directly relevant to Mr. Santos' defenses, and is necessary to safeguard his First Amendment right to offer brief insight into his defense without jeopardizing the fair administration of justice. This is particularly compelling considering the heavy handed and excoriating allegations laid out in the government's two speaking indictments against Mr. Santos and numerous press releases concerning same, all of which were reported on by the media.

For example,[5] the information related to a witness that the government interviewed in January 2023 substantially undermines the government's theory that Santos directed, oversaw, or even had knowledge of the alleged finance misreporting of his campaign. It challenges the core of the government's narrative that Santos orchestrated or was even aware of the alleged fraudulent activities. The same is true for the information detailed in the government's October 27, 2023 letter. That information undermines the allegations in this case that Santos was in control of, or even knew of, the charging of credit cards by members associated with his campaign.

In addition, the information related to an interview with another crucial witness should not be designated confidential because it provides key insights into the relevant policies and thresholds for the financial support of a political candidate. This information is exculpatory because it casts doubt on the significance of Santos' alleged false statements to the FEC. De-designating this information, while redacting the names of the witness identified, poses no risk to the integrity of the prosecution's investigation but is vital for contextualizing the impact of the purported false statements within the broader practices of political campaigning.

De-designation, with the names of the witnesses redacted, would not "interfere with a fair trial or otherwise prejudice the due administration of justice." Local Rule 23.1(a). Rather, de-designation of these materials is entirely consistent with Local Rule 23.1(e)(7)), as it would offer Santos the opportunity to briefly comment, using the government's own words and witnesses, on his defense. Each of these disclosures in and of themselves could fairly be characterized as "a brief description of the nature of the defense" under Local Rule 23.1(e)(7) and thus

---

[4] Annexed as Exhibit "F" to the accompanying Motion to Seal is the government's responsive letter dated April 8, 2024.

[5] In an abundance of caution, we note that the defense has made a sincere effort to describe the information it seeks to be de-designated in a broad manner to avoid any claim by the government that, by submitting this letter itself, counsel is breaching the subject Protective Order.

*Re: Letter Request for a 30-day Extension and to De-designate Specified Information*
April 11, 2024
Page 4 of 4

"presumptively" would "not involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice." Further, beyond the two speaking indictments pertaining to Santos, the government has also filed speaking indictments in the cases related to Nancy Marks and Samuel Miele, both of whom are directly relevant to the exculpatory information disclosed by the government. Subsequently, the government issued detailed press released when each plead guilty, all of which was reported on. It is therefore hard to imagine how de-designating these highly exculpatory disclosures could cause prejudice to the fair administration of justice. If anything, they would simply allow Santos an opportunity to address the numerous accusations leveled against him by the government.

To be clear, Santos has no interest in interfering with the administration of justice or engaging in untoward antics that could disrupt his constitutional right to a fair trial. However, he also strongly believes that in the interest of fairness - to uphold his constitutional rights granting him the presumption of innocence and the requirement of proof beyond a reasonable doubt to support any conviction - the identified disclosures by the government should be made public.

Given the public nature of the accusations and the interest in maintaining the integrity of our justice system, there is a compelling public interest in disclosing information that may exonerate a candidate accused of election-related misconduct. Accordingly, we respectfully request that the Court Order the de-designation of the government's recent exculpatory disclosures. We thank the Court for its time and consideration of these requests.

Sincerely,

Andrew Mancilla, Esq.
Joseph Murray, Esq.
Robert Fantone, Esq.

Cc:   **VIA ECF**
      AUSA Ryan C. Harris (Ryan.Harris2@usdoj.gov)
      AUSA Anthony Bagnuola (Anthony.Bagnuola@usdoj.gov)
      AUSA Laura Zuckerwise (Laura.Zuckerwise@usdoj.gov)
      CRM Jacob Steiner (Jacob.Steiner@usdoj.gov)
      CRM John Taddei (john.taddei@usdoj.gov)