```
                                                                    1
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

        - - - - - - - - - - - - - - - -X
        UNITED STATES OF AMERICA,      : 23-CR-197(JS)
                                       :
                                       :
                                       :
                                       :
                                       : United States Courthouse
           -against-                   : Central Islip, New York
                                       :
                                       :
                                       :
                                       :
                                       :
                                       : Tuesday, December 12, 2023
        GEORGE DEVOLDER SANTOS,        : 10:30 A.M.
                                       :
                Defendant.             :
                                       :
                                       :
        - - - - - - - - - - - - - - - -X

                    TRANSCRIPT OF STATUS CONFERENCE
               BEFORE THE HONORABLE JUDGE JOANNA SEYBERT

                         A P P E A R A N C E S:

        For the Government:   UNITED STATES ATTORNEY'S OFFICE
                              Eastern District of New York
                              600 Federal Plaza
                              Central Islip, New York 11772
                              BY: ANTHONY BAGNOLA, ESQ.
                                  Assistant United States Attorney

        For the Defendant:    JOSEPH W. MURRAY
                              185 Great Neck Road
                              Great Neck, New York 11021
                              BY: JOSEPH W. MURRAY, ESQ.


         Official Court Reporter:  ToniAnn Lucatorto, RMR, CRR, RPR
         E-mail:  ToniAnnLucatorto@gmail.com
         Proceedings recorded by computerized stenography.
         Transcript produced by Computer-aided Transcription.
```

Status Conference

2

1     (In open court.)

2     (JUDGE JOANNA SEYBERT enters the courtroom.)

3     COURTROOM DEPUTY:  All rise.

4     THE COURT:  Please be seated.

5     THE COURTROOM DEPUTY:  Calling criminal case

6  23-CR-197.  United States of America versus George Santos.

7     Counsel, please state your appearances for the

8  record, beginning with the Government.

9     MR. STEINER:  Good morning, your Honor. Jacob

10  Steiner for the United States.  From the Department of

11  Justice, Department of Public Integrity section.  I'm

12  joined by Ryan Harris from the EDNY, John Taddei from the

13  Public Integrity Section, and Laura Zuckerwise and Anthony

14  Bagnola from the EDNY.

15     MR. MURRAY:  Good morning, your Honor.  Joseph

16  Murray on behalf of George Santos sitting next to me.

17     THE COURT:  Good morning to you all.  This is a

18  status conference.  I recently received a letter from the

19  Government requesting an earlier trial date, but we'll get

20  to that in a moment.

21     Is there anything that you would like to advise

22  the Court?  I realize there has been four productions of

23  various materials, discovery items.  They were outlined in

24  the letter.  And that and an additional request to move

25  the trial from September to June.  And I'll hear Mr.

**Status Conference**

3

1   Murray on that issue in a moment.

2                   Is there anything the Government would like to
3   put on the record regarding status at this point?

4                   MR. STEINER:  Your Honor, the Government and the
5   defendant have been engaged in plea negotiations.  We
6   expect those to continue.  Your Honor, other than the
7   trial date, we also ask the Court to set a motion schedule
8   and a pretrial schedule for a trial.  If the Court would
9   please set another status conference roughly 30 days out
10  for the parties to check in on those issues.

11                  THE COURT:  The motion schedule seems a bit
12  vigorous, I would say.  You're looking to start motion
13  practice in January when you have a firm trial date in
14  September, maybe slightly earlier.  I obviously wouldn't
15  get to it.

16                  Mr.  Murray, would you like to be heard on the
17  trial date or discovery issues?

18                  MR. MURRAY:  I would, your Honor.  And I want to
19  thank the Government.  We've been working wonderfully
20  together in sharing this material.  The one thing I think
21  the Court needs to be aware of to help you guide you in
22  your decision whether or not to move the trial date is the
23  voluminous amount of materials that we've had to go work
24  through.  On top of which, Judge, if I could go through
25  them real quick.  The fourth production is today.  We're

Status Conference

4

1  going to get that fourth production and in comparison to
2  the others, it's about 12,000, somewhere around there.
3              THE COURT:  12,000 pages?
4              MR. MURRAY:  Pages.  I just want to go through
5  the productions Judge.  The first one was June 6th.  You
6  may recall we adjourned for the summer.  It was 86,674
7  pages.  Then on September 6th, three months later, they
8  gave us 194,112 pages.  The total being 280,786.  We've
9  been struggling to go through all of that material.  The
10 third production came less than two months later, we had
11 to work on -- October 27th our last court date, they
12 handed us a drive and on that was 1,018,814 pages of
13 material.  But more importantly, Judge, of that 1 million,
14 815,348 were deemed sensitive.  Which means I can only
15 view them with my client, I can't give it to him to review
16 on his own.
17             I then brought this to the attention of the
18 Government when they said they wanted to advance the trial
19 date.  And right away they reduced that, reclassified it
20 to confidential.  To alleviate that burden.  But it's
21 still a million more documents that we have to go though.
22 So the total as of October 27th, Judge, was 1,299,600.
23 With the documents that we received today, it will be
24 1,312,210.  I ask the Court to please I understand the
25 Government has an interest to push this trial date, but

1  there's a lot of material, a lot of various different
2  charges that we have to review.  We are actively in
3  negotiating with them.  I'd really like to put my efforts
4  into that so that possibly we come to a resolution.  But
5  if I have a January motion date and a May trial date, I
6  really have the gun to my head about what to prioritize.
7  So I ask the Court to consider that we'd like to keep the
8  September trial date.  I think it's premature to go
9  forward with that pre trial schedule, particularly the
10 motion date of January 19th.  We're asking for 30 days to
11 come back, Judge.  I think we have been having productive
12 communications.  I think this could be fruitful if we
13 could focus on that.  So that's my request to the Court.
14           THE COURT:  Thank you Mr. Murray.
15           Any response from the Government?
16           MR. STEINER:  I think Mr. Murray has the general
17 page counts correct with respect to discovery.  I just
18 want to note a few things.  One is that the Government
19 producing discovery on June 27th, it's almost six months
20 ago already.  So since then, we made three additional
21 productions.  I'll point out that the September 1st
22 production, that constituted 344,000 records.  About
23 140,000 of those records were returns from 2703(e) orders
24 those are non-content returns.  That contain things like
25 the to, from, date and subject line of e-mails.  So --

6

1    THE COURT:  Can you narrow it down in terms of
2    saying generally what the Government does on any cases.
3    They will say we'll focus on these documents and then give
4    them the heads up.  I mean, 1.3 million, you know you have
5    a lot of duplication in there.
6    MR. STEINER:  Absolutely, your Honor, and
7    absolutely is why we disclosed these materials in the
8    abundance of caution.  The Government is more than happy
9    to provide the defendant with assistance in terms of
10   identifying key documents, in terms of identifying the
11   types in documents they're looking at.  In addition to the
12   140,000 orders that I think are of limited evidentiary
13   value, another extremely large group of evidence has been
14   turned over.  Again in the interest of caution, was
15   approximately 700,000 records, about 800,000 pages, from
16   the co-defendant's cell phone.  That was a mirror image of
17   the cell phone, which means that contained 10, if not
18   hundreds of thousands of records that are --
19   THE COURT:  Unrelated, correct?
20   MR. STEINER:  Correct. Whether they're personal
21   items or related to business items.
22   THE COURT:  But you know how to star the ones
23   that are not important.  But that would not only aid in
24   trial preparations, but any other negotiations you're
25   having back and forth.

Status Conference

7

1 Have you had a proffer session yet with the
2 defendant, defense counsel, and the Government?  Or
3 that's not happening?
4             MR. STEINER:  We have not have a formal proffer
5 session, your Honor, although we have negotiations with
6 defense counsel and we have certainly begun to share some
7 of the key documents that we think explain our case.  And
8 we are happy to, again, assist with defense counsel
9 identifying on the key records that narrow the universe sp
10 that defense counsel can prepare and also to help expedite
11 the trial schedule we've asked for.
12             The other thing I want to point out, your Honor,
13 with respect to the motion schedule.  Of course we would
14 defer to the Court's judgment as the appropriate motion
15 schedule.  I will note, however, that the opening motions,
16 motions to dismiss, motions to suppress, motions to sever,
17 those --
18             THE COURT:  Those will be quickly decided.  I
19 get that.  But to have motions begin nine months before
20 the trial is likely to happen seems a bit lengthy to me.
21 What I would suggest is, perhaps, in view of the fact that
22 you have five government attorneys, Mr.  Murray, did you
23 ever get an associate to assist you?
24             MR. MURRAY:  Your Honor, we have another firm
25 that my client is familiar with and used in the past.

Status Conference

8

1  They we haven't been formally engaged yet, but they have
2  agreed to work with us and are ready to take on the case.
3           THE COURT:  I might have an opening as early as
4  April for a trial schedule.  But I know that there are
5  older cases and frankly, I don't think I've seen a case in
6  the last 20 years that the indictment is rendered and a
7  trial occurred with discovery and everything else much
8  sooner than a year.  And especially when you have a
9  document heavy case such as this.  But I agree with you;
10 preliminary motions, we can probably do those starting in
11 April.  They're not going to take very long from what
12 you're telling me.  The type of motion that's being made.
13 To dismiss the indictment and that.  So I can render a
14 decision pretty quickly on that and any motion to serve or
15 rather to suppress.
16          MR. STEINER:  Understood, your Honor.  And I
17 think the important thing to note about those types of
18 motions is they're not motions that require a full summary
19 review of the discovery.  The motions can be made largely
20 based on the face of the search warrant admitted into
21 evidences.  Certainly resolving those early will help the
22 parties sharpen the issues prior to trial.  For example;
23 if a motion to sever would be granted, it would trial
24 strategy, maybe result in multiple trials.  So having
25 those motions resolved earlier rather than later will

Status Conference

9

1  allow the parties and the Court to prepare more for trial.
2              THE COURT:  But it will also detract, to some
3  extent, on the ability to engage in plea negotiations.
4  But I agree with you.  I can decide those quickly.  April,
5  unless I get a real early trial date that opens up.  I
6  will be more than willing to do it.  But the cases I have
7  on my docket, as you all know, are as a result of Covid
8  and just the volume of cases and the judges who are not
9  necessarily assigned to the courthouse has grown.  So what
10 I suggest we do is you have additional argument you want
11 to make, I'm open to hearing it.  But at this point, it
12 looks like September is going to be the earliest.  And we
13 don't the have the issue of the defendant having to go to
14 Washington on a regular basis.
15             So the Government has a clear team in place and
16 defendant needs a little bit of time to engage the other
17 defense firm.  I would think.
18             MR. STEINER:  Understood, your Honor.  The only
19 comparison I wanted to draw was United States V Barrack
20 which was tried in the Eastern District of New York in
21 September of 2022.  That case went to trial approximately
22 one year and 2 months after the indictment.  So it would
23 be a slightly faster pace than this case.  It also,
24 involved multiple co-defendants and large amounts of
25 discovery and classified information procedures.  So I

1  think it would be more complex than this case and went to
2  trial a little bit faster.  Just as a comparison, your
3  Honor but that's --
4            THE COURT:  That's one out of many.  Generally
5  the indictment is rendered well before a year passes and
6  the trial commences.
7            MR. STEINER:  Understood, your Honor.  Thank
8  you.
9            THE COURT:  And the defendant is not in custody.
10 So that's one issue the Court considers.  And while it
11 might not be the most complex case in the world, it
12 appears that you will have two individuals; perhaps they
13 may testify, previously haven't taken pleas, I don't
14 know..  And I don't get involved in plea negotiations so
15 obviously we will move this as expeditiously as possible.
16           MR. STEINER:  Thank you, your Honor.  I
17 appreciate it.
18           THE COURT:  Anything that you would like to add,
19 Mr. Murray?
20           MR. MURRAY:  Your Honor, I just want to clarify
21 something, and I mean this with all due respect.  The cell
22 phone material that they were talking about, the 800 plus
23 thousand, that's what they deemed to be sensitive.
24 They're now telling you that it's, you know, essentially
25 irrelevant.  But they deemed it to be sensitive when they

1  turned it over on October 27th.  It was like listed as
2  number 20 on the list of material that's in there.  And
3  when I got to it, I can't review it unless my client is in
4  my presence.  When I went to them about it, I said look
5  you guys deemed this arge, massive material sensitive, can
6  we change that?  They did change it immediately.  But I
7  just want the Court to know because they're saying it's
8  essentially cell phone irrelevant material.  I agree with
9  a lot of what I saw so far that it is irrelevant; it's
10 pictures of family and, you know, like cell phone stuff.
11 But it was deemed sensitive and that really delayed us in
12 reviewing it.  And that's why I'm asking for this time to
13 keep it at the September trial date.
14          THE COURT:  Well, September is a long way off.
15 It's only December now.  So things open up.  Obviously
16 I'll move it up.  But at this point in view of my schedule
17 and the need to review the discovery materials, you will
18 have to get other people on board, Mr. Murray, because the
19 Government is entitled to a speedy trial also.
20          MR. MURRAY:  I agree.
21          THE COURT:  Anything else that the Court should
22 be aware of before we set another status date in the new
23 year?
24          MR. MURRAY:  Can I just speak with counsel?
25          THE COURT:  Sure.

Status Conference

12

1      MR. STEINER:  Your Honor, can the parties
2  approach for a sidebar?  We have one issue defense counsel
3  wanted to clarify with you.
4      THE COURT:  Sidebar on the record to the side?
5  Absolutely essential?  I do everything on the record.
6      MR. STEINER:  Your Honor, I apologize for the
7  delay.  Defense counsel and I, we just wanted to clarify
8  one point I made earlier.  Is that in response to your
9  question about whether the parties engaged in a proffer
10 session, my response was that we have not in saying that I
11 meant that we have not engaged in a reverse proffer, which
12 the Government presented it's evidence in its case of the
13 defendant.  So I wanted to be clear that is what I meant
14 when I said we did not engage in such a session.  I think
15 did that answer your question?
16     THE COURT:  Yes, it does.  And also, you have
17 started preliminary discussions on a plea; is that
18 correct?
19     MR. STEINER:  Thank you.
20     THE COURT:  Okay, thank you.  So let's put it on
21 for a status date unless there's nothing else.
22     MR. STEINER:  Your Honor, I just wanted to check
23 whether the Court wanted to enter a pretrial.
24     THE COURT:  No, I'll do it at the next
25 conference because you'll have a much better idea and

Status Conference

13

1   there should be substantial progress made, Mr. Murray, on
2   reviewing discovery materials.  And of course any
3   discussions, your relationship with the Government seems
4   to be a fruitful one in terms of discussions and
5   understanding of the case on both sides.
6           MR. MURRAY:  I 100 percent agree.  When I
7   presented them with this issue, they immediately
8   reclassified it.  So thank you.
9           THE COURT:  All right.  Let's get a January
10  status date or early February.
11          THE COURTROOM DEPUTY:  Counsel, January 23,
12  10:30.
13          MR. STEINER:  That works, your Honor.  Thank
14  you.
15          MR. MURRAY:  That's good for the defendant.
16          THE COURT:  Have a good holiday everyone.
17  Something else?
18          MR. STEINER:  Your Honor, the Government just
19  requests to exclude time from today.
20          THE COURT:  Absolutely.  It's obvious under the
21  Speedy Trial Act that the defendant is requesting this
22  delay.  The Government appears to be ready to go forward
23  once motions are completed.  And in the interest of
24  justice, the time is excluded.
25          (Proceeding concluded.)