

        **ANDREW MANCILLA**
NY, CA, NJ, SDNY, EDNY, DNJ,
2ND CIRCUIT, US SUPREME COURT

260 MADISON AVE, 22ND FLR
NEW YORK, NY 10016
T 646.225.6686  F 646.655.0269
andrew@law-mf.com

April 19, 2024

**By ECF**
The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

      Re:      US v. George Anthony Devolder Santos, 23cr197 (JS)
                  Reply Letter In Support of Defendant's Request for 30-Day
                  Extension and De-Designation of Highly Exculpatory *Brady*
                  Material Produced By The Government

Dear Judge Seybert:

      We respectfully submit this brief letter in reply to the government's letter dated April 17, 2024[1], opposing defense counsel's request for a 30-day extension of the motion schedule and de-designation of highly exculpatory *Brady* material produced by the government. Despite the government's resistance, our arguments remain compelling and militate in favor of granting our requests.

      **I.**      **Request To Extend Pretrial Motion Schedule**

      The government's refusal to support the requested extension overlooks a critical fact – that this request is of the government's own making. The necessity of this extension arises directly from the government's delayed disclosure of crucial exculpatory *Brady* material, which it possessed for over a year before revealing it on March 14, 2024. This material is not only markedly exculpatory but also central to Santos' defense – a fact underscored by the government's vigorous efforts to prevent its public disclosure.

      An extension is required because these delayed disclosures directly impact the architecture of our pretrial motions. For example, the defense may now choose to include a *Brady* motion and a motion to compel in its pretrial motions. However, this is entirely contingent upon the government's cooperation with our outstanding requests and the parties' ability to meet and confer concerning any outstanding concerns. While we do not presume the

---

[1] The government's opposition letter (ECF No. 68) is cited herein as "Opp."

*Re: Reply Letter In Support of Defendant's Request for A 30-day Extension and to De-designate Specified Information*
April 19, 2024
Page 2 of 4

government intentionally violated their *Brady* obligations, the delay complicates the defense's ability to prepare ripe motions.[2]

    The government takes issue with the defense's characterization of the *Brady* material as "highly exculpatory" yet filed an 11-page letter vehemently opposing its disclosure to the public. The government's aggressive opposition itself betrays just how exculpatory and detrimental this information is to its case. The government's portrayal of these materials as minimally exculpatory mischaracterizes their substantive impact on the charges against our client. These disclosures are not merely helpful to the defense; they are pivotal in undermining key aspects of the prosecution's case against Santos. The disclosed materials call into question the credibility and reliability of key witnesses and evidentiary links essential to the government's case. They provide substantial grounds to challenge the prosecution's narrative and claims about Santos' knowledge and involvement in the alleged offenses. Regardless, we trust that the exculpatory nature of these disclosures will be patently obvious to the Court upon its review.

    We anticipate the government will comply with our outstanding discovery requests for the underlying *Brady* material because that is what is required under the law. The government attempted to mislead this Court into believing that the mere description of exculpatory evidence it has produced satisfies its obligations under *Brady*. Opp. at 4. Relying on *United States v. Mavashev*, No. 08 CR 902, 2010 U.S. Dist. LEXIS 16053, 2010 WL 670083, *3 (E.D.N.Y. Feb. 23, 2010) (Irizarry, DJ), the government mischaracterizes the breadth of the ruling to be a "finding that the government had satisfied its *Brady* obligations when it disclosed the identities of the witnesses with potentially exculpatory information and one-to-two sentence summaries of that information." However, the language it relied on in making this averment to the Court related only to the *timing* of the disclosures, which is irrelevant here given Judge Shield's Order that such disclosures be made promptly.

    Contrary to the government's characterization, the court in *Mavashev* made clear that the mere description of the exculpatory evidence was *insufficient* to satisfy *Brady*, stating: "While the court declines to order further Brady disclosure at this time, the government 'is urged to bear in mind whether, to the extent any version of a particular exculpatory statement in its possession is in a form that would be admissible in evidence, any other evidentiary form of that information is available to the defense for presentation at trial.'" *Mavashev*, 2010 U.S. Dist. LEXIS 16053, *6 (internal brackets and ellipses omitted) (*quoting United States v. Fasciana*, 2002 U.S. Dist. LEXIS 21535,*6-7, 2002 WL 31495995, *2 (S.D.N.Y. November 1, 2002) (Swain, DJ)). Thus, pursuant to the cases the government cites, the government must turn over the actual evidence containing the exculpatory witness statements, and cannot satisfy their *Brady* obligations with a three-page letter sent "in an abundance of caution."

    The government's contention that defense counsel waited two months to engage in plea negotiations is irrelevant and ignores the glaringly obvious concern that the government appears

---

[2] The government argues that an extension is unnecessary because the defense filed the instant motion for a continuance instead of conferring with the government regarding its insufficient disclosures. However, the opportunity to confer with the government is, in part, the basis of this very motion.

*Re: Reply Letter In Support of Defendant's Request for A 30-day Extension and to De-designate Specified Information*
April 19, 2024
Page 3 of 4

to have withheld exculpatory material while previously purporting to engage in good faith plea negotiations with Santos. Moreover, this argument grossly downplays the substantial efforts of our recently expanded defense team, which had limited time to review the extensive discovery in order to meaningfully participate in negotiations. Frankly, it is hard to imagine how the defense team could have more efficiently capitalized on the limited time they have had to get brought up to speed. Further, the government has continued to produce discovery in this case, with the most recent production dated April 11, 2024, consisting of nearly 1000 pages.[3]

Moreover, the government's claim that its disclosures were not "late" because they were submitted "sufficiently in advance of trial" blatantly disregards their obligation to provide *Brady* material "promptly" after its discovery. At the inception of this case the government was Ordered to disclose all *Brady* material "to the defense *promptly* after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case."(ECF No. 11 at 1) (emphasis added).

Here, the critical exculpatory information contained within the government's March 14, 2024 disclosure letter was known by the government nearly fourteen (14) months earlier (*see* Ex. A[4]). That is not *prompt*, it is *late*, and the defense's request is consistent with Magistrate Judge Shields' *Brady* Order, which provides, "[i]f the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may [...] grant a continuance" (ECF No. 11 at 2).

Given the substantial impact of these recent disclosures and the fact that the government withheld this information for nearly 14 months, including during its prior plea negotiations with the defense, we suspect there are more. It is also worth noting that the government represented that once defense motions are filed, it will no longer engage in plea negotiations with the defense. To the extent that the government is willing to continue engaging in such negotiations in good faith, the requested extension would certainly facilitate possible resolution.

Accordingly, we respectfully request a modest extension of 30-days to permit the defense to fully explore how to incorporate this information in its motions, attempt to secure the outstanding *Brady* material, and engage in good faith negotiations with the government.

II.     **Request to De-Designate**

Regarding the government's opposition to the de-designation of identified disclosures, it is crucial to reiterate that our objective is not to litigate this case in the media or to jeopardize the fair administration of justice. Rather, our request is based on principles of fairness and transparency. That being said, the protective order should not be used by the government to

---

[3] Discovery has been produced on a rolling basis on the following dates: June 27, 2023, September 6, 2023, October 27, 2023, December 12, 2023, December 13, 2023, January 23, 2024, March 14, 2024, and April 11, 2024.
[4] These exhibits were cited by the defense in our letter dated April 11, 2024 and filed under seal along with our concurrently filed motion to seal.

Re: Reply Letter In Support of Defendant's Request for A 30-day Extension and to De-designate Specified Information
April 19, 2024
Page 4 of 4

shield from public view information that is critical to the proceedings, while the government simultaneously utilizes press releases to trumpet their extensive and detailed unproven allegations against Santos. Transparency is crucial in maintaining public trust in the judicial process, particularly in cases, such as this, that garner much attention from the media.

The government claims that de-designating such information would cause it severe prejudice, in part because it would "expose private individuals to undue public scrutiny and chill cooperation with law enforcement." Opp. at 10. This is not true and entirely disingenuous. As the Court will glean from the identities of the sources of the exculpatory information, it is hard to imagine how de-designation of the disclosures could possibly cause the individuals more public scrutiny than the government has already subjected them to. Furthermore, despite now proclaiming to protect privacy interests, it is crucial to recall that at the outset of this case the government opted to remain neutral regarding the confidentiality of Santos' sureties, effectively declining to protect their privacy.

That being said, the defense agrees that any public disclosure of the materials should be done in a manner that protects sensitive information and minimizes any risk of prejudice. This can be achieved through redactions and limitations on the scope of the disclosure. For these reasons, we respectfully request that the Court grant Santos' application to de-designate the identified material.

Sincerely,

Andrew Mancilla, Esq.
Joseph Murray, Esq.
Robert Fantone, Esq.

Cc:   **VIA ECF**
AUSA Ryan C. Harris (Ryan.Harris2@usdoj.gov)
AUSA Anthony Bagnuola (Anthony.Bagnuola@usdoj.gov)
AUSA Laura Zuckerwise (Laura.Zuckerwise@usdoj.gov)
CRM Jacob Steiner (Jacob.Steiner@usdoj.gov)
CRM John Taddei (john.taddei@usdoj.gov)