

U.S. Department of Justice

United States Attorney
Eastern District of New York

RCH/AXB/LAZ
F. #2022R01030

610 Federal Plaza
Central Islip, New York 11722

April 9, 2024

By E-mail

Andrew Mancilla and Robert Fantone
Mancilla & Fantone LLP
260 Madison Ave, 22nd Floor
New York, NY 10016

Joseph W. Murray
185 Great Neck Road
Great Neck, Suite 461
New York 11021

   Re: United States v. George Anthony Devolder Santos
      Criminal Docket No. 23-197 (S-1) (JS)

Dear Counsel:

  The government writes in response to your letter dated April 8, 2024, in which you (a) request a 30-day extension to the motion schedule, (b) make certain requests for discovery, and (c) make certain requests for a bill of particulars.[1]

  First, the government objects to your request for a 30-day extension of the motion schedule. The motion schedule was jointly agreed to by the parties after significant negotiation, see Dkt. No. 58, and adopted by the Court in reliance upon that agreement, see Dkt. No. 59. You identify no compelling basis to adjourn the motion schedule, relying solely on belated discovery requests submitted nearly one year after this case first began.

  With respect to your first discovery request, the government is well aware of and will comply with its disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), and their progeny. To the extent your letter

---

[1] The government notes that, in both your letter dated April 5, 2024 and your letter dated April 8, 2024, you have set arbitrary and artificially tight deadlines for the government's response, without identifying any justification, much less a compelling one, for such. Please note that the government will comply with deadlines either mutually agreed upon by the parties or set by the Court, not those unilaterally imposed by the defense.

implies otherwise, or claims that the government's prior disclosures are somehow insufficient under Brady or Giglio, please identify any relevant legal authority supporting your position.

With respect to your second discovery request, the government is well aware of and will continue to comply with its disclosure obligations under Federal Rule of Criminal Procedure 16. The materials related to Count Nine referenced in your request have previously been produced to you. Should the government obtain additional materials discoverable under Rule 16, the government will promptly disclose those as well.

With respect to your third discovery request, grand jury subpoenas are not discoverable material under Federal Rule of Criminal Procedure 16. To the extent that you claim copies of the grand jury subpoenas are discoverable, please identify any relevant legal authority supporting your position.

With respect to your request for a bill of particulars, the detailed 42-page superseding indictment in this matter plainly satisfies the pleading standard set by Federal Rule of Criminal Procedure 7(c) and provides more than sufficient notice of the charges against the defendant. See, e.g., United States v. Cordones, No. 11-CR-205 (AKH), 2022 WL 815229, at *8 (S.D.N.Y. Mar. 17, 2022) ("Courts routinely deny motions for bills of particulars where, as here, the charging document is a speaking indictment.") (collecting intra-Circuit cases). To the extent your letter relies on legal authority supporting a bill of particulars in this case, we invite you to identify it.

Very truly yours,

BREON PEACE
United States Attorney

By:   /s/
Ryan C. Harris
Anthony Bagnuola
Laura Zuckerwise
Assistant U.S. Attorneys

COREY R. AMUNDSON
Chief, Public Integrity Section
U.S. Department of Justice

By:   /s/
Jacob R. Steiner
John P. Taddei
Trial Attorneys