

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| RCH | *610 Federal Plaza* |
| F. #2022R01030 | *Central Islip, New York 11722* |

June 6, 2024

<u>By ECF</u>

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: <u>United States v. Devolder Santos</u>
      <u>Criminal Docket No. 23-197 (S-2) (JS)</u>

Dear Judge Seybert:

   The government respectfully writes in opposition to the defendant's request for a two-week extension on the deadline by which he must file his reply brief in support of his omnibus motion.  <u>See</u> Dkt. No. 82.  Currently, the defendant's reply brief is due on June 14, 2024.  This Court previously granted the defendant a seven-day extension on the deadline by which he was required to file his initial brief.  <u>See</u> Dkt. No. 70.  In granting that extension, the Court concluded: "**<u>DEFENDANT IS ON NOTICE:  Absent extraordinary circumstances no further extension requests of the pre-trial motion schedule will be granted</u>**."  <u>Id.</u> at 16 (emphasis in original).  The defendant has not identified such "extraordinary circumstances" and, accordingly, the Court should deny the request.

   In support of the extension request, the defendant directs the Court's attention to two issues, neither of which constitutes an extraordinary circumstance.  First, the defendant points to the fact that the Second Superseding Indictment has removed the "to wit" clause previously contained in Count Ten of the First Superseding Indictment. Second, the defendant points to the fact that, on May 31, 2024, the government provided particulars related to Counts Nine and Ten to the defendant.

   As an initial matter, any attempt by the defendant to rely on the Second Superseding Indictment as a basis to further delay the briefing schedule rings hollow because, as the government previously noted (and as the Court can readily discern), the latest version of the indictment adds no new charges, no new substantive allegations, and makes no material changes to which the defendant and his lawyers can credibly claim they need additional time to digest and respond.

With respect to the removal of the "to wit" clause in Count Ten, the defendant claims that "more time is necessary to carefully review these changes" and "assess their implications on our motion papers." Dkt. No. 82. However, the removal of a "to wit" clause is hardly extraordinary and clearly does not require an additional two weeks to ponder. As the Court is well aware, a "'to wit' clause is properly understood to be illustrative rather than definitional of the core of criminality charged by the grand jury." United States v. Agrawal, 726 F.3d 235, 261 (2d Cir. 2013); see also United States v. Bastian, 770 F.3d 212, 221 (2d Cir. 2014) (stating that "we have never suggested that a 'to wit' clause binds the government to prove the exact facts specified in a criminal indictment"). As the government stated in its opposition brief, the removal of the "to wit" clause in Count Ten did not reflect any change in the government's theory of criminal liability (which was already amply set forth in the First Superseding Indictment, see, e.g., Dkt. No. 50 at 48), but instead reflected an effort to make clear that the defendant mischaracterized that charging theory in his omnibus motion. See Dkt. No. 81 at 21 n.9. Because there has been no change in the government's theory of criminal liability with respect to Count Ten and because a "to wit" clause is only "illustrative rather than definitional," its removal does not remotely constitute extraordinary circumstances, nor require any additional time to assess, much less two weeks. Agrawal, 726 F.3d at 261. That is especially true at this early juncture, when the defendant still has eight of the original 14 days he jointly requested of the Court to file his reply.

With respect to the government's voluntary provision of certain particulars related to Counts Nine and Ten, the defendant can hardly be heard to complain of receiving the relief which he has specifically requested, nor can the provision of the very particulars he sought in his omnibus motion constitute an "extraordinary circumstance" warranting a two-week extension on the deadline to file his now partially-mooted motion.[1] The government provided these particulars despite its belief that it was under no legal obligation to do so, to assist the defendant in his trial preparation and streamline pre-trial motion practice. By the defendant's logic, he would have needed *less* time to file a reply brief had the government not given him the very transactional detail for which he asked.

The defendant further claims that a two-week delay will "not prejudice the government or unduly delay the proceedings." Dkt. No. 82. Putting aside the fact that the defendant has wholly failed to engage with the Court's admonition that only "extraordinary circumstances" will warrant further extensions, such an extension will unnecessarily compress and

---

[1] Notably, the defendant mischaracterizes the series of events preceding the provision of these particulars. To be clear, in a letter dated April 8, 2024, the defendant made nine separate requests for particulars. In a response dated April 9, 2024, the government advised the defendant that it believed the First Superseding Indictment "plainly satisfie[d] the pleading standard set by Federal Rule of Criminal Procedure 7(c) and provide[d] more than sufficient notice of the charges against the defendant." Dkt. No. 73, Ex. 5 at 2. However, the government then invited the defendant to identify any "legal authority supporting a bill of particulars in this case." Id. The defendant did not provide the requested legal authority or otherwise respond to the government's invitation. Instead, he filed the instant motion without further engaging with the government. The defendant's failure to do so undermines his specious effort to claim that the government's subsequent provision of such particulars is an "irregularity" that is "cause for pause." Dkt. No. 82.

2

complicate a carefully set pre-trial schedule that this Court thoughtfully adopted based on the joint recommendation of the parties, leaving the Court less time to resolve these pre-trial motions and the parties less time to adjust their trial preparations following the Court's decision on these motions. There is no need for such delay. The Court should deny the motion for a two-week extension.

                    Respectfully submitted,

                    BREON PEACE
                    United States Attorney

By:     /s/
                    Ryan C. Harris
                    Anthony Bagnuola
                    Laura Zuckerwise
                    Assistant U.S. Attorneys

                    COREY R. AMUNDSON
                    Chief, Public Integrity Section
                    Criminal Division, U.S. Department of Justice

By:     /s/
                    Jacob R. Steiner
                    John P. Taddei
                    Trial Attorneys

cc:     Clerk of Court (JS) (via ECF and email)
        Counsel of Record (via ECF and email)