

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH
F. #2022R01030

610 Federal Plaza
Central Islip, New York 11722

April 11, 2024

By Email

Joseph W. Murray
185 Great Neck Road
Great Neck, Suite 461
New York 11021
joe@jmurray-law.com

Andrew Mancilla and Robert Fantone
Mancilla & Fantone LLP
260 Madison Avenue, 22nd Floor
New York, NY 10016
andrew@law-mf.com
robert@law-mf.com

    Re: United States v. George Santos
       Criminal Docket No. 23-197 (S-1) (JS) (AYS)

Dear Counsel:

  In an abundance of caution, the government writes to advise you that it intends to introduce, among other things, evidence of the following facts and circumstances as direct evidence of the charged crimes, evidence of other acts inextricably intertwined with evidence of the charged crimes, and, in the alternative, evidence admissible pursuant to Federal Rule of Evidence 404(b):

- On numerous occasions, including, but not limited to, on the website of his congressional campaign as of October 2021, in a resume to the Nassau County Republican Committee and the National Republican Congressional Committee, and during a media interview on or about October 27, 2020, the defendant falsely claimed to have graduated from Baruch College. To the extent that this evidence is admitted under Rule 404(b), it will be admitted for the purpose of establishing the defendant's motive, intent, plan, knowledge, absence of mistake, or lack of accident in furtherance of the Party Program Scheme and filing materially false and fraudulent Financial Disclosure Reports with the U.S. House of Representatives in 2020 and 2022, as

charged in the superseding indictment. In particular, the government avers that the defendant's false representation was designed, in part, to perpetuate misrepresentations about his personal background, professional background and financial profile.

- On numerous occasions, including, but not limited to, on the website of his congressional campaign as of October 2021, in a resume to the Nassau County Republican Committee and the National Republican Congressional Committee, and during a media interview on or about October 29, 2020, the defendant falsely claimed to have graduated from New York University. To the extent that this evidence is admitted under Rule 404(b), it will be admitted for the purpose of establishing the defendant's motive, intent, plan, knowledge, absence of mistake, or lack of accident in furtherance of the Party Program Scheme and filing materially false and fraudulent Financial Disclosure Reports with the U.S. House of Representatives in 2020 and 2022, as charged in the superseding indictment. In particular, the government avers that the defendant's false representation was designed, in part, to perpetuate misrepresentations about his personal background, professional background and financial profile.

- On numerous occasions, including, but not limited to, on the website of his congressional campaign as of October 2021, in a resume to the Nassau County Republican Committee and the National Republican Congressional Committee, and during media interviews in or about 2020 and 2022, the defendant falsely claimed to have previously been employed at Citigroup. To the extent that this evidence is admitted under Rule 404(b), it will be admitted for the purpose of establishing the defendant's motive, intent, plan, knowledge, absence of mistake, or lack of accident in furtherance of the Party Program Scheme and filing materially false and fraudulent Financial Disclosure Reports with the U.S. House of Representatives in 2020 and 2022, as charged in the superseding indictment. In particular, the government avers that the defendant's false representation was designed, in part, to perpetuate misrepresentations about his personal background, professional background and financial profile.

- On numerous occasions, including, but not limited to, on the website of his congressional campaign as of October 2021, in a resume to the Nassau County Republican Committee and the National Republican Congressional Committee, and during a media interview on or about October 1, 2020, the defendant falsely claimed to have previously been employed at Goldman Sachs. To the extent that this evidence is admitted under Rule 404(b), it will be admitted for the purpose of establishing the defendant's motive, intent, plan, knowledge, absence of mistake, or lack of accident in furtherance of the Party Program Scheme and filing materially false and fraudulent Financial Disclosure Reports with the U.S. House of Representatives in 2020 and 2022, as charged in the superseding indictment. In particular, the government avers that the defendant's false representation was designed, in part, to perpetuate misrepresentations about his personal background, professional background and financial profile.

- On numerous occasions, including, but not limited to, on the website of his congressional campaign as of October 2021, the defendant falsely claimed that Devolder Organization LLC was a family-run firm with approximately $80 million in

assets under management. To the extent that this evidence is admitted under Rule 404(b), it will be admitted for the purpose of establishing the defendant's motive, intent, preparation, plan, knowledge, absence of mistake, or lack of accident in furtherance of the Party Program Scheme and filing materially false and fraudulent Financial Disclosure Reports with the U.S. House of Representatives in 2020 and 2022, as charged in the superseding indictment. In particular, the government avers that the defendant's false characterization of the character and value of Devolder Organization LLC was designed, in part, to perpetuate misrepresentations about his personal background, professional background and financial profile, as well as to conceal the true financial condition of the defendant and Devolder Organization LLC.

- On numerous occasions, the defendant falsely claimed that he owned or was renovating homes or other real property in Nassau County and Suffolk County, including in Oyster Bay and the Hamptons. To the extent that this evidence is admitted under Rule 404(b), it will be admitted for the purpose of establishing the defendant's motive, intent, plan, knowledge, absence of mistake, or lack of accident in furtherance of the Party Program Scheme and filing materially false and fraudulent Financial Disclosure Reports with the U.S. House of Representatives in 2020 and 2022, as charged in the superseding indictment. In particular, the government avers that the defendant's false representation was designed, in part, to perpetuate misrepresentations about his personal background, professional background and financial profile.

- The defendant failed to file federal or state tax returns for the tax years 2020, 2021, and 2022, despite receiving declarable income during those years from multiple sources including, but not limited to, Red Strategies USA, LLC and Harbor City Capital Corp., as well as unemployment insurance benefits through New York State. During the same period, the defendant attempted to file a materially false tax return, namely, a Form 1040 for tax year 2021, in which he falsely claimed, <u>inter alia</u>, to have received zero income during the previous year. To the extent that this evidence is admitted under Rule 404(b), it will be offered to establish the defendant's motive, intent, preparation, plan, knowledge, absence of mistake and/or lack of accident in perpetrating the Party Program Scheme and filing materially false and fraudulent Financial Disclosure Reports with the U.S. House of Representatives in 2020 and 2022, as charged in the superseding indictment. In particular, the government avers that the defendant's failure to file tax returns during his congressional campaigns was designed, in part, to perpetuate misrepresentations about his financial profile and conceal his true financial condition. Alternatively, this evidence will be offered to establish the defendant's motive, intent, preparation, plan, knowledge, absence of mistake and/or lack of accident in fraudulently applying for, and receiving, unemployment insurance benefits, as the defendant's failure to file tax returns was designed, in part, to conceal from federal authorities his income and, thus, his ineligibility for such benefits.

- During a media interview on or about May 10, 2023, the defendant falsely claimed to have earned approximately $400,000 in 2019, stating, in substance and in part, "I went from 2019 bringing in 400-and-something thousand dollars" to qualifying for unemployment insurance benefits. To the extent that this evidence is admitted under

3

Rule 404(b), it will be offered to establish the defendant's motive, intent, preparation, plan, knowledge, absence of mistake and/or lack of accident in perpetrating the Party Program Scheme, filing a materially false and fraudulent Financial Disclosure Report with the U.S. House of Representatives in 2020, and fraudulently applying for, and receiving, unemployment insurance benefits. In particular, the government avers that the defendant's exaggeration of his income in this instance was designed, in part, to perpetuate misrepresentations about his financial profile and conceal his true financial condition, while also providing a false justification for his illegal receipt of unemployment insurance benefits.

- On numerous occasions, including, but not limited to, in a February 8, 2021 posting on Twitter, the defendant falsely claimed that he and/or unspecified members of his family owned multiple rental properties, stating "[w]ill we landlords ever be able to take back possession of our property? My family and I nearing [sic] a 1 year anniversary of not receiving rent on 13 properties!!! The state is collecting their tax, yet we get 0 help from the government. We worked hard to acquire these assets…" He repeated this false claim in a December 26, 2022 interview with City & State, stating, in substance and in part, that "my family has property" as to which the defendant "helps them out with the books and stuff like that." To the extent that this evidence is admitted under Rule 404(b), it will be offered to establish the defendant's motive, intent, preparation, plan, knowledge, absence of mistake and/or lack of accident in perpetrating the Party Program Scheme and filing materially false and fraudulent Financial Disclosure Reports with the U.S. House of Representatives in 2020 and 2022, as charged in the superseding indictment. In particular, the government avers that the defendant's false portrayal of himself and/or unspecified family members as aggrieved landlords was designed, in part, to perpetuate misrepresentations about his personal and professional background and financial profile, as well as to conceal his true financial condition.

- In a Business Deposit Account Application submitted on behalf of Devolder Organization LLC to Citibank on or about May 25, 2021, the defendant made numerous materially false representations, including falsely asserting that Devolder Organization LLC had an annual gross revenue of $1,500,000 and an annual net profit of $800,000. To the extent that this evidence is admitted under Rule 404(b), it will be offered to establish the defendant's motive, intent, preparation, plan, knowledge, absence of mistake and/or lack of accident in filing a materially false and fraudulent Financial Disclosure Report with the U.S. House of Representatives in 2022, as charged in the superseding indictment. In particular, the government avers that the defendant's false portrayal of the financial profile of Devolder Organization LLC was designed, in part, to perpetuate misrepresentations about his personal background, professional background and financial profile.

- Between approximately February 2021 and September 2022, the defendant improperly spent funds belonging to RISE NY PAC on personal expenses, such as personal travel, meals, and grocery bills, using a RISE NY PAC debit card that he possessed. To the extent that this evidence is admitted under Rule 404(b), it will be offered to establish the defendant's motive, intent, preparation, plan, knowledge, absence of mistake and/or

lack of accident in perpetrating the Credit Card Fraud Scheme and the Party Program Scheme, as charged in the superseding indictment. In particular, the government avers that the defendant repeatedly flouted boundaries between campaign funds, PAC funds and personal funds by repeatedly stealing monies from putative contributors and using those funds for both campaign and personal expenses, including through the misuse of the RISE NY PAC debit card, and that his misuse of such funds was part of a plan to divert funds from his campaign and PAC accounts for his personal benefit, and was not merely the result of a mistake or accident.

              Very truly yours,

              BREON PEACE
              United States Attorney
              Eastern District of New York

By:  /s/Ryan C. Harris
    Ryan C. Harris
    Anthony Bagnuola
    Laura Zuckerwise
    Assistant U.S. Attorneys

    COREY R. AMUNDSON
    Chief, Public Integrity Section
    Criminal Division, U.S. Department of Justice

By:  /s/ Jacob Steiner
    Jacob R. Steiner
    John P. Taddei
    Trial Attorneys