

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RCH:AXB/LAZ
F. #2022R01030

*610 Federal Plaza*
*Central Islip, New York 11722*

April 17, 2025

<u>By ECF</u>

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

   Re: <u>United States v. Devolder Santos</u>
      <u>Criminal Docket No. 23-197 (S-2) (JS)</u>

Dear Judge Seybert:

   The defendant George Anthony Devolder Santos is scheduled to be sentenced on April 25, 2025. The government respectfully submits this letter to advise the Court that Santos's recent behavior continues to demonstrate that he remains unrepentant for his crimes. Since the parties filed their sentencing memoranda on April 4th, Santos has gone on a social media blitz, attacking the U.S. Department of Justice and disclaiming personal responsibility. This conduct is antithetical to the "genuine remorse" claimed by Santos's attorneys in their sentencing memorandum filed on April 4, 2025 (ECF No. 115 at 2). His actions speak louder than any words, and they cry out for a significant carceral sentence in this case.

   Specifically, on the evening of April 4, 2025, after the government filed its sentencing memorandum, Santos posted the following message on X, formerly known as Twitter:



In the ensuing comments, Santos denied conduct that is specifically contained in the PSR (and to which Santos has not objected):



As the Court knows, Santos *did* use campaign contributions made to Redstone Strategies LLC to make luxury purchases at, among other stores, Hermès. (*See* PSR ¶ 73). Even at this late stage, he simply refuses to fully own up to his actions.

Consistent with this denial of accountability, the next day Santos posted a bizarre missive portraying himself as a victim of prosecutorial overreach and selective prosecution:



It should go without saying that this message—which signals defiance and victimhood while characterizing the federal government as a "cabal of pedophiles"—is hardly an expression of "genuine remorse."[1]  Nor was the message he posted two hours later, which again smacked of perceived victimhood:



Or the message he posted two days after that, referring to himself as a "scapegoat":



---

[1] It goes without saying that his claims that the government "let[s] sex traffickers walk freely" and "give[s] drug lords slaps on the wrist" is also demonstrably false. *See, e.g.*, *Brooklyn Man Sentenced to 21 Years for Sex Trafficking*, U.S. ATTORNEY'S OFFICE – EASTERN DISTRICT OF NEW YORK (Apr. 28, 2023), *available at* https://www.justice.gov/usao-edny/pr/brooklyn-man-sentenced-21-years-sex-trafficking (last visited Apr. 14, 2025); *Joaquin "El Chapo" Guzman, Sinaloa Cartel Leader, Sentenced to Life in Prison Plus 30 Years*, U.S. ATTORNEY'S OFFICE – EASTERN DISTRICT OF NEW YORK (July 17, 2019), *available at* https://www.justice.gov/usao-edny/video/joaquin-el-chapo-guzman-sinaloa-cartel-leader-sentenced-life-prison-plus-30-years (last visited Apr. 14, 2025).

Put plainly, Santos is not genuinely remorseful, despite accepting responsibility as part of his allocution.[2] If he were, his actions would be different. At a minimum, one would expect Santos to approach sentencing with a modicum of restraint so as not to undermine the attorneys who have advocated for leniency on his behalf. Instead, however, Santos has reverted to form and approaches sentencing with belligerence and an insatiable appetite for "likes," blaming his situation on everyone except himself.

As the government previously advised the Court, Santos's history and characteristics "demonstrate a strong risk of recidivism and a lack of remorse for his conduct." *United States v. Dacy*, 301 F. App'x 45, 46 (2d Cir. 2008); *see also United States v. Sejdaris*, 534 F. App'x 23, 25 (2d Cir. 2013) (affirming district court's reliance on "protestations of innocence to be an indication of likely recidivism"); *United States v. Martinucci*, 561 F.3d 533, 535 (2d Cir. 2009) (affirming above-Guidelines sentence of 300 months where district court considered, among other things, the defendant's lack of remorse); *United States v. Li*, 115 F.3d 125, 135 (2d Cir. 1997) (affirming district court's upward variance based on the defendant's "manipulative conduct and unwillingness to accept responsibility—which persisted throughout her criminal proceedings and were viewed as having been exhibited once again during her comments at sentencing"). In light of his ongoing unrepentant conduct, that conclusion is now inescapable.

---

[2] In the PSR, the Probation Department calculated that Santos was entitled to a three-point reduction in his total offense level pursuant to Section 3E1.1 of the United States Sentencing Guidelines for his allocution and guilty plea in this matter. *See* PSR ¶¶ 113-14. Although the government does not object to the application of this three-level reduction at the current juncture in light of his allocution and guilty plea, as well as his acceptance of the statement of facts set forth in the PSR, Santos's recent conduct at least calls into question whether he has "clearly demonstrate[d] acceptance of responsibility for his offense[s]." U.S.S.G. § 3E1.1(a); *see also* § 3E1.1 n.1 (advising that "[a] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility"). Between now and sentencing, should Santos persist in his deflections of responsibility, claims of victimhood, and insinuations of selective prosecution, the government will revisit its position.

4

For these reasons, as well as those contained in the government's April 4, 2025 sentencing memorandum (ECF No. 114), an 87-month custodial sentence is reasonable and appropriate in this case.

Respectfully submitted,

JOHN J. DURHAM
United States Attorney

By:    /s/
Ryan C. Harris
Anthony Bagnuola
Laura Zuckerwise
Assistant U.S. Attorneys

John P. Taddei
Senior Litigation Counsel

cc: Clerk of the Court (JS) (by ECF)
    Counsel of Record (by ECF)