

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH/AXB/LAZ
F. #2022R01030

*610 Federal Plaza*
*Central Islip, New York 11722*

April 17, 2025

By ECF

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

   Re: United States v. Devolder Santos
     Criminal Docket No. 23-197 (S-2) (JS)

Dear Judge Seybert:

   Earlier today, the government filed a supplemental sentencing memorandum addressing the recent activity of defendant George Anthony Devolder Santos since April 4, 2025, when the parties filed their original sentencing submissions. *See* ECF No. 118. Consistent with the substance of that letter, Santos immediately began making inflammatory public statements about the prosecutors in this case, including an accusation that the earlier letter was filed after the deadline for sentencing memoranda had expired and without Court approval. Because the government's filing today plainly related to Santos's conduct *following* the deadline for sentencing submissions; because he was indisputably on notice of the content of the letter, *i.e.,* his own social media activity; and because he has suffered no prejudice from the filing, the government respectfully requests leave, *nunc pro tunc*, to have the supplemental sentencing letter accepted at this juncture.

   Even a cursory review of the government's April 17th letter shows that it solely responds to public comments that Santos has made about this case *after* the original sentencing submissions were filed. The government's filing thus addresses information that was necessarily not in its possession prior to April 4, 2025, and to which the government is duty-bound to respond. To be sure, if this information had been raised for the first time at sentencing, the Court would certainly be permitted to consider it. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence"); *see also United States v. Genao*, 869 F.3d 136, 146 (2d Cir. 2017) (recognizing that sentencing judges may engage in a "wide-ranging factual inquiry" in assessing "the nature and circumstances of the offense and the history and characteristics of the defendant").

As addressed more fully in the supplemental sentencing memorandum itself, moreover, Santos's recent activity is obviously relevant to the Court's assessment of Santos's "history and characteristics" and his ability to be deterred from criminality, under 18 U.S.C. § 3553(a)(1), (a)(2)(B). And the government's letter previewed its potential request for recission of acceptance-of-responsibility points, should Santos persist in his deflections of responsibility, claims of victimhood, and insinuations of selective prosecution. *See* Fed. R. Crim. P. 32(h).

Accordingly, the government respectfully submits that sound reasons support its April 17th filing and leave should be granted, *nunc pro tunc*, to put the content of that filing before the Court fully a week before sentencing.

    Respectfully submitted,

    JOHN J. DURHAM
    United States Attorney

By:   /s/
    Ryan C. Harris
    Anthony Bagnuola
    Laura Zuckerwise
    Assistant U.S. Attorneys

    John P. Taddei
    Senior Litigation Counsel

cc:     Clerk of the Court (JS) (by ECF)
       Counsel of Record (by ECF)