AO 245B (Rev. 09/19)   Rev. EDNY 2/1/2021 Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| GEORGE ANTHONY DEVOLDER SANTOS | ) | Case Number: 2:23-cr-0197-001-JS-AYS |
| | ) | USM Number: 58474-510 |
| | ) | Andrew Mancilla, Robert Fanone, Jr., and Joseph Murray (Retained) |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    2ss and 6ss of the Second Superseding Indictment (S-2) filed 5/28/2024.

☐ pleaded nolo contendere to count(s)  _____
   which was accepted by the court.

☐ was found guilty on count(s)  _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| | SEE PAGE 2 | | |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   1 - 13, 1s - 23s, 1ss, 3ss - 5ss, 7ss - 23ss   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 25 2025 ★
LONG ISLAND OFFICE

4/25/2025
Date of Imposition of Judgment

s/ *Joanna Seybert*
Signature of Judge

Joanna Seybert, Senior United States District Court Judge
Name and Title of Judge

4/25/2025
Date

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1A

Judgment—Page __2__ of __8__

DEFENDANT: GEORGE ANTHONY DEVOLDER SANTOS
CASE NUMBER: 2:23-cr-0197-001-JS-AYS

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud - The Party Program Scheme; A Class C Felony | 11/30/2022 | 2ss |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft - The Party Program Scheme; A Class E Felony | 1/31/2022 | 6ss |

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __3__ of __8__

DEFENDANT:   GEORGE ANTHONY DEVOLDER SANTOS
CASE NUMBER:   2:23-cr-0197-001-JS-AYS

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

EIGHTY-SEVEN (87) MONTHS; consisting of sixty-three (63) months, as to Count 2ss, and twenty-four (24) months, as to Count 6ss, to run consecutively to each other.

☑ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends the following to the Bureau of Prisons: [1] That the defendant be housed in a facility within the North-East region of the United States for the service of his sentence; [2] That the defendant participate in a mental health treatment program; and [3] That the defendant participate in a Residential Drug Abuse Treatment Program (RDAP).

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☑ before 2 p.m. on   7/25/2025   .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __4__ of __8__

DEFENDANT: GEORGE ANTHONY DEVOLDER SANTOS
CASE NUMBER: 2:23-cr-0197-001-JS-AYS

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

TWO (2) YEARS; consisting of two (2) years, as to Count 2ss, and one (1) year, as to Count 6ss, to run concurrently to each other.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page  5  of  8

DEFENDANT: GEORGE ANTHONY DEVOLDER SANTOS
CASE NUMBER: 2:23-cr-0197-001-JS-AYS

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk to another person (including an organization), the probation officer, with prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

Judgment—Page 6 of 8

DEFENDANT: GEORGE ANTHONY DEVOLDER SANTOS
CASE NUMBER: 2:23-cr-0197-001-JS-AYS

## SPECIAL CONDITIONS OF SUPERVISION

[1] The defendant shall comply with the Order of Restitution (see attached).

[2] Upon request, the defendant shall provide the U.S. Probation Office with full disclosure of his financial records, including co-mingled income, expenses, assets, and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, the defendant is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. The defendant shall cooperate with the Probation Officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income and expenses. The defendant shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to his financial information and records.

DEFENDANT: GEORGE ANTHONY DEVOLDER SANTOS
CASE NUMBER: 2:23-cr-0197-001-JS-AYS

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Restitution   | Fine | AVAA Assessment* | JVTA Assessment** |
|--------|------------|---------------|------|------------------|-------------------|
| TOTALS | $ 200.00   | $ 373,749.97  | $    | $                | $                 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee       | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---------------------|---------------|---------------------|------------------------|
| Clerk of Court, EDNY |               | $373,749.79         |                        |
| **TOTALS**          | $ 0.00        | $ 373,749.79        |                        |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page __8__ of __8__

DEFENDANT: GEORGE ANTHONY DEVOLDER SANTOS
CASE NUMBER: 2:23-cr-0197-001-JS-AYS

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ __373,949.97__ due immediately, balance due

   ☐ not later than _____ , or
   ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:
The defendant shall pay a Special Assessment fine in the amount of $200.00, due immediately, and Restitution in the amount of $373,749.79, due immediately, and payable at a rate of $25.00 per quarter while in custody, and at a rate of 10% of the defendant's gross monthly income while on Supervised Release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names
*(including defendant number)*    Total Amount    Joint and Several Amount    Corresponding Payee, if appropriate

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
SEE ATTACHED ORDER OF FORFEITURE DATED 12/19/2024.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

```
                                          F I L E D
                                       IN CLERK'S OFFICE
                                   U.S. DISTRICT COURT E.D.N.Y.
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK         ★   APR 2 5 2025   ★
- - - - - - - - - - - - - - - - - X
                                         LONG ISLAND OFFICE
UNITED STATES OF AMERICA             ORDER OF RESTITUTION

    – against –                      Criminal Docket No. 23-0197 (JS)

GEORGE ANTHONY DEVOLDER SANTOS,
    also known as "George Santos,"

                   Defendant.

- - - - - - - - - - - - - - - - - X
```

WHEREAS, defendant GEORGE ANTHONY DEVOLDER SANTOS was sentenced on April 25, 2025, in the above-captioned case,

1. This order of restitution will be incorporated by reference to the Judgment and Commitment Order to be filed in connection with the above-captioned case.

2. The total restitution amount to be paid is $373,749.97 plus, interest. *See* 18 U.S.C. § 3612(f). All payments shall be made to the Clerk of the Court, United States District Court, 225 Cadman Plaza East, Brooklyn, N.Y. 11201. The payment instrument shall reference the case name and number, as set forth above. Payments may also be made via pay.gov at https://www.nyed.uscourts.gov/online-criminal-debt-payments.

3. Restitution is due immediately, but payable at the rate of, at a minimum, 10% of the defendant's gross monthly income, including income from all sources, in monthly payments.

4. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine paid in full before the fifteenth day after the date of the judgment or the court has waived or modified the requirement to pay interest. *See* 18 U.S.C. § 3612(f).

5. The defendant is directed to pay restitution to the victims named and, in the amounts, listed in Exhibit A to this order. Exhibit A shall be kept under seal until further order

of this court except that appropriate personnel of the Clerk's Office and the United States Attorney's Office shall have immediate access to it in order to make the distribution required by this order.

6. The full amount of the monetary penalties is due immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613 notwithstanding any payment plan set forth herein or in the judgment. *See also* 18 U.S.C. § 3572(d).

7. The defendant shall not seek the discharge in bankruptcy of any restitution obligation.

8. The defendant shall make full and accurate disclosure of their financial affairs to the United States, including providing the United States, under penalty of perjury, on a yearly basis, even after the termination of any period of supervised release or probation, a financial statement which shall, among other things, identify all assets owned or held directly or indirectly by the defendant, including a trust, partnership or corporation, and any change in the defendant's economic circumstance until the fine or restitution is paid in full or liability terminates under 18 U.S.C. § 3613(b). *See* 18 U.S.C. §§ 3613, 3664(k) & (n).

9. As part of this disclosure, the defendant shall identify all assets valued at more than $5,000 which have been transferred to third parties since the commencement of the criminal activity and/or the date of arrest, including the location of the assets and the identity of the third parties.

10. The defendant will notify the United States of America before the defendant transfers any interest in property owned directly or indirectly by the defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. *See* 18 U.S.C. § 3664(k) & (n).

11. The Clerk is directed to distribute restitution payments *pro rata* to the victims at least once per year to the extent funds are available to distribute. The United States Department of Probation and the United States Attorney's Office are directed to provide to the Clerk whatever assistance is necessary to assure prompt distribution of restitution payments. The Clerk is directed to mail a copy of the instant document and the attachment to the Criminal Assistant assigned to the instant case and the Financial Litigation Program of the United States Attorney's Office of the Eastern District of New York.

Dated: Central Islip, New York
April 25, 2025

/s/ *Joanna Seybert*
HONORABLE JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 19 2024 ★
LONG ISLAND OFFICE

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

ORDER OF FORFEITURE

- against -

23-CR-197 (S-2) (JS)

GEORGE ANTHONY DEVOLDER SANTOS,
 also known as "George Santos,"

Defendant.

- - - - - - - - - - - - - - - - X

WHEREAS, on or about August 19, 2024, George Anthony Devolder Santos, also known as "George Santos" (the "defendant"), entered a plea of guilty to the offenses charged in Counts Two and Six of the above-captioned Superseding Indictment, charging violations of 18 U.S.C. §§ 1343, 1028A, and 2; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant has consented to the entry of a forfeiture money judgment in the amount of two hundred five thousand two dollars and ninety-seven cents ($205,002.97) (the "Forfeiture Money Judgment"), as any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violation of 18 U.S.C. § 1343, and/or a substitute asset, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c).

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals Service with the criminal docket number noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to the Asset Recovery Section, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722. The Forfeiture Money Judgment shall be paid in full 30 days in advance of sentencing (the "Due Date").

3. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant shall forfeit any other property of his up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

4. Upon entry of this Order of Forfeiture ("Order"), the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

5. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment, by among other things, executing any documents necessary to effectuate any transfer of title to the United States. The defendant shall not file a claim or petition seeking remission or contesting the forfeiture of any property

against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant shall not assist any person or entity to file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding.

      6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

      7. The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due, and shall survive bankruptcy.

      8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties paid toward the Forfeiture Money Judgment shall be forfeited to the United States for disposition in accordance with the law.

9.  This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

10. This Order shall be final and binding only upon the Court's "so ordering" of the Order.

11. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Asset Recovery Paralegal, Kristen Lake, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
       12/19/2024

SO ORDERED:

s/ Joanna Seybert

HONORABLE JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK